UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:08-CV-403-RLV-DCK

| | | |
|---|---|---|
| BIN XU, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| THE UNIVERSITY OF NORTH CAROLINA | ) | |
| at CHARLOTTE; PHILLIP L. DUBOIS, | ) | |
| Chancellor of University of North Carolina at | ) | |
| Charlotte, in his individual and official capacity; | ) | |
| JOAN F. LORDEN, in her individual and | ) | |
| official capacity; KENT E. CURRAN, in his | ) | |
| individual and official capacity; NANCY A. | ) | |
| GUTIERREZ, in her individual and official | ) | |
| capacity; BILL HILL, in his individual and | ) | |
| official capacity; and GERALD L. INGALLS, | ) | |
| in his individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Defendants' "Motion to Dismiss In Part" (Document No. 14). The *pro se* Plaintiff has filed a response. (Document No. 17). This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for consideration. Having fully considered the record, including the pleadings, the parties' briefs, and applicable authority, the undersigned recommends that the motion be **granted** and makes the following proposed findings of fact and conclusions of law:

**I. Procedural History**

In September 2003, Bin Xu ("Plaintiff" or "Xu") enrolled in the PhD program in Public Policy at UNCC. In September 2004, Xu enrolled in a master's program in the Department of

1

Geography and Earth Sciences at UNCC. (Document No. 1, ¶ 13). On December 9, 2004, Xu submitted his thesis draft to his advisor, who scheduled Xu's defense of his thesis for January 4, 2005. (*Id*., ¶ 15). Without obtaining the required approval, Xu then changed the topic of his master's thesis shortly before he was scheduled to present his defense of the thesis. (*Id*., ¶ 18). His thesis advisor, Professor Gerald Ingalls, gave Xu a grade of "U" (for "Unsatisfactory") for the thesis course and cancelled further review. (*Id*., ¶¶ 14, 17). On January 11, 2005, Defendant Kent E. Curran, Senior Associate Dean of the Graduate School, informed Plaintiff that as a result of the "U" grade, Plaintiff's enrollment in the masters program was terminated. (*Id*., ¶¶9, 75).

Plaintiff unsuccessfully pursued a grade appeal and a student grievance. Defendant Bill Hill, the Associate Dean of the College of Arts and Sciences, denied Xu's grade appeal on January 19, 2005, and Defendant Joan F. Lorden, the Provost, denied Plaintiff's further appeal on February 22, 2005. (*Id*., ¶¶8, 11, 54, 68). Plaintiff requested that Defendant Nancy A. Gutierrez, the Dean of the College of Arts and Sciences, review his appeal and demanded that she appoint a fact-finding panel to investigate. (*Id*. ¶¶10, 74). On June 30, 2005, Defendant Gutierrez denied Plaintiff's appeal and request. Xu then requested that Defendant Joan F. Lorden, the Vice Chancellor, appoint a panel to conduct an investigation. This request was denied on July 26 and July 29, 2005. (*Id*., ¶73). On September 1, 2005, the Chancellor, Defendant Phillip L. Dubois, denied Plaintiff's grade appeal and grievance. (*Id*., ¶80).

On August 29, 2008, Xu brought this suit against UNCC and various university officials or professors, including Phillip L. Dubois, Joan F. Lorden, Kent E. Curran, Nancy A. Gutierrez, Bill Hill and Gerald L. Ingalls (collectively, "Defendants"). The gist of Xu's Complaint is that: 1) he received an unsatisfactory ("U") grade in his master's thesis course after changing his topic without

permission; 2) his grade appeals and student grievance were denied; and 3) his enrollment was thereafter terminated. Xu alleges that all these acts were due to "discrimination on the basis of color, race, or national origin." (Document No. 1, ¶¶ 26, 67, 69-71, 79-80). Essentially, Xu contends that he should have received a grade of "I" (for "Incomplete") instead of "U" (for "Unsatisfactory"), and that his subsequent grade appeals and related grievances were not handled properly. Xu contends that all these school officials conspired against him to violate his rights.

In his Complaint, Plaintiff alleges five causes of action: (1) Fourteenth Amendment Equal Protection under 42 U.S.C. § 1983; (2) Fifth Amendment Due Process under 42 U.S.C. § 1983; (3) Conspiracy to Violate Civil Rights (42 U.S.C. § 1985); (4) Interference with Civil Rights (N.C. Gen. Stat. § 99D-1); and (5) Violation of State Constitutional Rights. The Defendants moved for dismissal in part, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and filed a memorandum in support. (Doc. Nos. 14, 15.) The *pro se* Plaintiff has filed a response. (Document No. 17).

## II. Issues Before the Court

Defendants seek partial dismissal on the following grounds: 1) Eleventh Amendment immunity bars all claims against UNCC; 2) with respect to the individual Defendants in their "official capacities," Eleventh Amendment immunity bars all state claims against them and also bars Plaintiff's § 1983 and 1985 claims against them for monetary damages; 3) the Complaint fails to state a claim upon which relief can be granted for the claims under § 1983 and 1985; 4) the Complaint fails to state a claim upon which relief can be granted for the state claim under N.C.G.S. § 99-D-1; and 5) and the state claim under the North Carolina Constitution should be dismissed with respect to the individual Defendants in their "individual capacities."

In his response, the *pro se* Plaintiff concedes that dismissal of all claims against UNCC is

3

appropriate. (Document No. 17, ¶ 1) ("Plaintiff admits that UNCC should not be sued in this Honorable Court."). However, he opposes dismissal of the remaining claims against the individual Defendants. Plaintiff points out that he is not only seeking monetary damages, but also declaratory and injunctive relief. Plaintiff argues that his claims under 42 U.S.C. §§ 1983 and 1985 against the individual Defendants should go forward. (*Id.*, ¶¶ 3, 5). He further contends that his state claim under N.C.G.S. § 99-D-1 has been sufficiently pleaded to withstand dismissal. (*Id.*, ¶¶ 6-9). He does not mention the state constitutional claim in his response.

### III. Analysis

### A. Standard of Review

The Defendants have moved to dismiss pursuant to Civil Rules 12(b)(1) and 12(b)(6). Fed.R.Civ.P. 12(b)(1) and (6). The Defendants correctly point out that the case law is not entirely clear as to whether a motion to dismiss on the Eleventh Amendment immunity should be a dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction or under Rule 12(b)(6) for failure to state a claim. *Andrews v. Daw*, 201 F.3d 521, n.2 (4th Cir. 2000) (citing examples of each); *Alston v. North Carolina Agric. & Technological State Univ.*, 304 F. Supp. 2d 774, n.7 (M.D.N.C. 2004) (observing that "the Fourth Circuit has not conclusively established" the preferred approach). Here, the Defendants argue under both rules.

To withstand a Rule 12(b)(6) motion to dismiss, the facts alleged "must be enough to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The United States Supreme Court recently emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* – U.S. – , 129

4

S.Ct. 1937, 1954 (2009). The court "should view the complaint in the light most favorable to the Plaintiff." *Mylan Labs, Inc. v. Matkar*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must accept as true all well-pleaded factual allegations in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1 (2002), but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, 510 U.S. 828 (1993), *citing* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1356 (1990). The Plaintiff is proceeding *pro se*, and the Court will construe his pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nonetheless, a pleading that merely offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Similarly, under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 687 F.2d 1213, 1219 (4th Cir. 1982).

### B. Sovereign Immunity for UNCC, Lack of Jurisdiction Under 12(b)(1)

The Eleventh Amendment prohibits actions in federal court by individuals against a state unless the state has consented to suit or unless Congress has lawfully abrogated the states' Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir.2003). "[U]nder the Eleventh Amendment, a State cannot be sued directly in its own name regardless of the relief sought,

5

absent consent or permissible congressional abrogation." *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)).

The doctrine of sovereign immunity under the Eleventh Amendment applies not only to actions in which the State is a named defendant, but also to actions against its departments, institutions, and agencies. *Truesdale v. University of North Carolina*, 91 N.C.App. 186 (1988), *appeal dismissed and disc. rev. denied*, 323 N.C. 706 (1989), *cert. denied*, 493 U.S. 808 (1989). Because UNCC qualifies as a state institution, the university is protected by Eleventh Amendment immunity.[1] *See Ballenger*, 352 F.3d at 845. Hence, all of Plaintiff's claims against UNCC may be dismissed on the basis of sovereign immunity. Plaintiff concedes that dismissal of all claims against UNCC is appropriate. (Document No. 17, ¶ 1).

### C. Sovereign Immunity for University Officials in their Official Capacity

With respect to claims against university officials in their official capacities, the United States Supreme Court has explained that "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985) and *Graham*, 473 U.S. at 165-66). "A claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Thus, the university officials in their official capacities are protected by Eleventh Amendment immunity. *Ballenger*, 352 F.3d at 845 ("A state official acting

---

[1] Pursuant to N.C.G.S.A. § 116-4, the "University of North Carolina shall be composed of the following institutions of higher education: .... the University of North Carolina at Charlotte...."

in his official capacity is protected from a damages action by the same immunity.") (citing *Pennhurst*, 465 U.S. at 102-103); *Hooper v. North Carolina*, 379 F.Supp.2d 804812 (M.D.N.C. 2005) (holding that "the State, NCCU, and Defendants sued in their official capacities are protected from Plaintiff's state ... claim by the Eleventh Amendment"). "The Eleventh Amendment bars the adjudication of state law claims against nonconsenting state defendants in federal court." *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541 (2002). All *state* claims against the individual Defendants in their official capacities must therefore be dismissed.

With respect to Plaintiff's federal claims under 42 U.S.C. §§ 1983 and 1985, Congress waived immunity under those statutes only with respect to state officials and only for certain types of injunctive relief. *Will,* 491 U.S. at 71. "It is well settled that the Eleventh Amendment bars a suit by private parties to recover money damages from the state or its alter egos acting in their official capacities." *Huang v. Board of Governors of Univ. of North Carolina*, 902 F.2d 1134, 1138 (4th Cir. 1990) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Congress did not intend to abrogate the states' Eleventh Amendment immunity when it enacted § 1983. *Will,* 491 U.S. at 66. Hence, Plaintiff's federal constitutional claims pursuant to 42 U.S.C. §§ 1983 and 1985 for monetary damages against the Defendants acting in their official capacities must be dismissed on the basis of sovereign immunity. However, to the extent Plaintiff seeks injunctive relief against the individual Defendants in their official capacities, "official-capacity actions for prospective relief are not treated as actions against the State." *Id*. (citing *Graham*, 473 U.S. at 167).

### D. Failure to State a Claim under Rule 12(b)(6)

Plaintiff alleges in his first and second causes of action that the Defendants violated his Fourteenth Amendment right to equal protection and Fifth Amendment right to due process. He

alleges this under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

Section 1983 "provides a statutory cause of action for all citizens injured by an abridgement of the protections contained in the Constitution." *Costello v. University of North Carolina at Greensboro*, 394 F. Supp. 2d 752, 759 (M.D.N.C. 2005) (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 119-20 (1992)).

In his third cause of action, Plaintiff further alleges that the Defendants "conspired" to discriminate against him in violation of his civil rights pursuant to 42 U.S.C. § 1985, which provides in relevant part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons from the equal protection of the laws . . . the party so injured may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

A plaintiff suing under these statutes "must prove the deprivation of a right by a 'person.'" *Bowers*, 2007 WL 853815 at *3. However, the United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Will*, 491 U.S. at 71; see also, *Huang*, 902 F.2d at 1139 n.6; *Bartges v. University of North Carolina at Charlotte*, 908 F.Supp. 1312 (W.D.N.C. 1995); *Bower v. Rector and Visitors of the University of Virginia*, 2007 WL 853815, *3 (W.D.Va.) (observing that "a mountain of case law supports the proposition" and that "virtually every court to consider the issue has agreed").

Hence, UNCC and the individual Defendants are not "persons" subject to suit under §§ 1983 and 1985. *See, e.g., Costello v. UNC at Greensboro*, 394 F. Supp. 2d 752, 761 (M.D.N.C. 2005); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 585-86 (D.S.C. 1983). State officials acting in their official capacities are not "persons" under §§ 1983 and 1985, and are excluded from liability under those statutes. *Will,* 491 at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985) and *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); *Coffin*, 562 F. Supp. at 585-86. Thus, the Complaint fails to state a claim for relief under §§ 1983 and 1985. Fed.R.Civ.P. 12(b)(6).

### E. Dismissal of State Law Claims Pursuant to Rule 12(b)(6)

Plaintiff asserts two state law claims in his complaint: (1) violation of North Carolina General Statute § 99D-1; and (2) violation of the North Carolina Constitution. In addition to dismissal on the basis of sovereign immunity, the Defendants assert that the Court may dismiss these state law claims for failure to state a claim for relief.

North Carolina General Statute § 99D-1(c) provides that "No civil action may be brought or maintained, and no liability may be imposed, under this Chapter against … a government official with respect to actions taken within the scope of his official governmental duties. . . ." The express language of the statute prohibits the Plaintiff from asserting a claim against the Defendants in their *official capacities*.

Dismissal of the § 99D-1(c) claim against Defendants in their *individual capacities* is also appropriate. North Carolina General Statute § 99D-1(a) provides in relevant part that:

> It is a violation of this Chapter if:
> (1) Two or more persons, motivated by race [or] ethnicity, ... but whether or not acting under color of law, conspire to interfere with the exercise or enjoyment by any other person or persons of a right secured by the Constitutions of the United States or North Carolina,

9

> or of a right secured by a law of the United States or North Carolina that enforces, interprets, or impacts on a constitutional right; and
> (2) One or more persons engaged in such a conspiracy use force, repeated harassment, violence, physical harm to persons or property, or direct or indirect threats of physical harm to persons or property to commit an act in furtherance of the object of the conspiracy; and
> (3) The commission of an act described in subdivision (2) interferes, or is an attempt to interfere, with the exercise or enjoyment of a right, described in subdivision (1), of another person.

In his Complaint, Plaintiff alleges in conclusory fashion that the Defendants "conspired" to give him a final failing grade and dismiss him from his academic program. Plaintiff attributes this to discrimination against his race, color, or national origin. Plaintiff's allegation is entirely conclusory and does not follow from the facts alleged in the Complaint. "Naked assertions" without "further factual enhancement" are insufficient. *Twombly*, 550 U.S. at 557; *Iqbal*, 129 S.Ct. at 1951 ("It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth."). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. It is not the legal conclusions asserted by Plaintiff, but rather "the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-765 (4th Cir. 2003).

Plaintiff contends that his Complaint satisfies the element of § 99D-1 requiring that one or more of the Defendants "use[d] … repeated harassment … to commit an act in furtherance of the object of the conspiracy." However, he merely points to his failing grade, the Defendants' responses to Plaintiff's own emails, and the Defendants' refusal to grant Plaintiff's grade appeal. N.C. Gen. Stat. § 99D-1. The Complaint set forth in detail each email query by Xu and the independent responses by the respective Defendants. The responses to the emails reflect that each was polite,

factual, and made in response to a specific inquiry by Plaintiff. Plaintiff mischaracterizes these emails as "repeated harassments." (Doc. No. 17). Even construing the facts in Xu's favor at this stage of the pleadings, the Complaint fails to allege this necessary element of his claim, and thus, the claim should be dismissed. Fed.R.Civ.P. 12(b)(6).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, at 556; and see, e.g., *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) (explaining that the "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the facts alleged do not support the legal conclusions). Here, Xu's conclusory allegations and leaps of logic simply do not support a reasonable inference of "harassment" or "conspiracy." Although the notice pleading standard under Rule 8 does not require detailed factual allegations, it nonetheless "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, at 555).

Finally, Plaintiff's claim that the Defendants violated his State Constitutional rights in their individual capacities should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Claims brought under the North Carolina Constitution may be asserted only against state officials acting in their official capacities. *Love-Lane v. Martin*, 355 F.3d 766, 789 (4th Cir. 2004) (citing *DeWitt v. Mecklenburg County*, 73 F. Supp. 2d 589, 605-06 (W.D.N.C. 1999)); *Ware v. Fort*, 124 N.C.App. 613, 616 (1996).

The North Carolina Supreme Court has held that "[i]n light of the purpose and language of the [North Carolina] Constitution, plaintiff cannot rely on the [North Carolina] Constitution to support a claim for money damages against individuals, acting in their personal capacities . . ."

*Corum v. University of N.C.*, 330 N.C. 761, 788 (1992) ("As a matter of fundamental jurisprudence the [North Carolina] Constitution itself does not recognize or create rights which may be asserted against individuals."). This type of claim "cannot be brought against government officials in their individual capacity, only in their official capacity." *Id.* at 789; *Swain v. Elfland*, 145 N.C.App. 383, 391 (2001) ("To the extent that plaintiff alleges a *Corum* claim against defendants in their individual capacity, the claim must be dismissed."); and see, e.g., *Crain v. Butler*, 419 F.Supp.2d 785, 793 (E.D.N.C. 2005) (same).

**IT IS, THEREFORE, RECOMMENDED** that the Defendant's "Motion to Dismiss in Part" (Doc. No. 14) should be **GRANTED** as follows:

1) all claims against UNCC should be dismissed on the basis of sovereign immunity;

2) all claims under §§1983 and 1985 for money damages against the individual Defendants in their official capacities should be dismissed on the basis of sovereign immunity; and

3) all claims under §§1983 and 1985 against UNCC and the Defendants in their official capacities should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted; and

4) the state claim under § 99D-1(c) should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted; and

5) Plaintiff's claim under the North Carolina Constitution against the individual Defendants in their individual capacities should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted.

### IV. Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendations contained in this memorandum must be filed within ten (10) days after service of same. *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir. 1989); *United States v. Rice*, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Signed: September 29, 2009

David C. Keesler
United States Magistrate Judge