IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:08CV403-RLV

BIN XU,

    Plaintiff,

v.

THE UNIVERSITY OF NORTH CAROLINA
at CHARLOTTE; PHILLIP L. DUBOIS,
Chancellor of University of North Carolina at
Charlotte, in his individual and official capacity;
JOAN F. LORDEN, in her individual and
official capacity; KENT E. CURRAN, in his
individual and official capacity; NANCY A.
GUTIERREZ, in her individual and official
capacity; BILL HILL, in his individual and
official capacity; and GERALD L. INGALLS,
in his individual and official capacity.

    Defendants.

**Memorandum and Order**

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss in Part, filed October 30, 2008. (Document No. 14.)

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David C. Keesler (the "Magistrate Judge") was designated to consider and recommend disposition of the aforesaid motion. In an opinion filed September 30, 2009, the Magistrate Judge recommended that the Defendants' Motion to Dismiss in Part be granted. (Document No. 18.) Plaintiff, acting *pro se*, filed Objections to the Magistrate Judge's Memorandum and Recommendation on October 9, 2009. (Document No. 19.) Plaintiff's objections are deemed to be timely and the specific objections raised by Plaintiff are considered herein.

# I. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Keeler v. Pea, 782 F. Supp. 42, 43 (D.S.C. 1992). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's Memorandum & Recommendation as well as a *de novo* review of those issues specifically raised in Plaintiff's objections.

# II. FACTUAL & PROCEDURAL BACKGROUND

In September 2003, Bin Xu ("Plaintiff") enrolled in the PhD program of Public Policy at the University of North Carolina at Charlotte ("UNCC"). (Complaint, ¶ 13.) In September 2004, Plaintiff also entered into a master's program within UNCC's Department of Geography and Earth Sciences. (Id.) After several months of enrollment in the master's program, on December 9, 2004, Plaintiff submitted a draft of his master's thesis to his advisor, Defendant Gerald L. Ingalls. (Id., ¶¶ 12, 14.) Defendant Ingalls responded to Plaintiff on December 17, 2004, by scheduling Plaintiff's thesis defense on January 4, 2005. (Id., ¶ 15.) Before the scheduled date of Plaintiff's defense, however, Plaintiff changed the topic of his thesis. (Id., ¶18.) Although Plaintiff does not dispute that he changed his thesis topic, (Document No. 19, at

2

7), there is some confusion concerning exactly when Plaintiff changed the topic and whether the change was approved. While Plaintiff maintains that he did not change his topic "shortly before" he was scheduled to defend his master's thesis, Plaintiff does not specify an exact date that the topic was changed. (Id.) Plaintiff also contends that Defendant Ingalls approved his thesis topic on December 17, 2004, (Complaint, ¶ 15); however, the Defendants allege that the topic had already been disapproved by that time. (Answer, ¶ 14.)

Ultimately, Defendant Ingalls assigned Plaintiff a grade of "U" (for "Unsatisfactory") in the thesis course and cancelled any further reviews of the thesis. (Complaint, ¶ 17.) On January 11, 2005, Defendant Kent E. Curran, Senior Associate Dean of the Graduate School, notified Plaintiff that his enrollment in the masters program had been terminated because of the grade he received on his thesis. (Id., ¶¶ 9, 75.) Following Plaintiff's termination of enrollment, Plaintiff attempted to appeal his assigned grade but was unsuccessful. On January 19, 2005, Defendant Bill Hill, the Associate Dean of the College of Arts and Sciences, denied Plaintiff's grade appeal, and on February 22, 2005, Defendant Joan F. Lorden, UNCC Provost, again denied Plaintiff's grade appeal. (Id., ¶¶ 8, 11, 54, 68.) Plaintiff then asked that Defendant Lorden and Defendant Nancy A. Gutierrez, the Dean of the College of Arts and Sciences, appoint a fact-finding committee to investigate his thesis grade. (Id., ¶¶ 10, 74.) Shortly thereafter, Defendants Lorden and Gutierrez denied Plaintiff's request. (Id., ¶¶ 73-74.) On February 22, 2005, Defendant Lorden provided Plaintiff with the following explanation in response to Plaintiff's grade appeal: "You received a grade of U (1) because you changed your topic without notifying Dr. Ingalls or obtaining his approval (leaving yourself only ten days to write a complete draft); and (2) your self-selected topic and thesis were poorly conceived and executed." (Id., ¶ 18.) Following the denial of Plaintiff's grade appeal, Plaintiff sent e-mails to several UNCC faculty members asking

the recipients to explain UNCC's grading policies. (Id., ¶¶ 30-39, 41-43, 45-49.) Many of the faculty members responded, stating that similarly situated students typically received an "I" (for "Incomplete") or an "IP" (for "In Progress") on their respective theses. (Id.)

On August 29, 2008, Plaintiff brought this suit against UNCC and various UNCC administrators and professors, including Phillip L. Dubois, Joan F. Lorden, Kent E. Curran, Nancy A. Gutierrez, Bill Hill, and Gerald L. Ingalls (collectively, the "individual Defendants"). (*See* Complaint, at 1.) Plaintiff's Complaint contends that: (1) he received an unjustified "U" grade in his master's thesis course; (2) the denial of his grade appeals and student grievances conflicted with UNCC policy; and (3) he was harassed and humiliated by the Defendants before his enrollment was terminated. (*See* Id. at 12-15.) Plaintiff alleges that each action was due to "discrimination on the basis of color, race, or national origin," and that each of the named UNCC administrators and professors conspired against him to violate his rights. (Id.)

The Complaint alleges five causes of action: (1) Fourteenth Amendment Equal Protection under 42 U.S.C. § 1983; (2) Fifth Amendment Due Process under 42 U.S.C. § 1983; (3) Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985; (4) Interference with Civil Rights under Section 99D-1 of the North Carolina General Statutes; and (5) Violation of rights under the North Carolina Constitution. (Id.) In response to Plaintiff's Complaint, the Defendants moved for dismissal of Plaintiff's claims in part and filed a memorandum in support of the motion. (Document Nos. 14-15.) Specifically, the Defendants moved to dismiss: (1) each of Plaintiff's claims against UNCC; (2) Plaintiff's state law claims against the individual Defendants; and (3) Plaintiff's claims under §§ 1983 and 1985 for monetary damages against the individual Defendants in their official capacities. (Document No. 14, at 2.) On November 20, 2009, Plaintiff filed a response to the Defendants' Motion to Dismiss in Part. (Document No.

4

17.) In an opinion filed September 30, 2009, the Magistrate Judge recommended that the Defendants' Motion to Dismiss in Part be granted as follows:

1. all claims against UNCC should be dismissed on the basis of sovereign immunity;

2. all claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for money damages against the individual Defendants in their official capacities should be dismissed on the basis of sovereign immunity;

3. all claims under §§ 1983 and 1985 against UNCC and the Defendants in their official capacities should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted;

4. the state claim under Section 99D-1 of the North Carolina General Statutes should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted; and

5. Plaintiff's claim under the North Carolina Constitution against the individual Defendants in their individual capacities should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted.

(M&R, at 12.) Plaintiff filed Objections to the Magistrate Judge's Memorandum and Recommendation on October 9, 2009. (Document No. 19.) Plaintiff has since moved for voluntary dismissal of his North Carolina Constitution claim against the Defendants. (Document No. 20.)

### III. DISCUSSION OF PLAINTIFF'S OBJECTIONS

In Plaintiff's response to the Magistrate Judge's Memorandum & Recommendation, Plaintiff articulates three specific objections. First, Plaintiff contends that his claims pursuant to §§ 1983 and 1985 against the individual Defendants in their individual capacities should be

sustained. (Document No. 19, at 2.) Second, Plaintiff asserts that the §§ 1983 and 1985 claims for injunctive and declaratory relief against the individual Defendants in their official capacities should be sustained. (Id. at 3.) Last, Plaintiff argues that the state claims under Section 99D-1 of the North Carolina General Statutes against the individual Defendants in their individual capacities should be sustained. (Id. at 5.)

**a. Plaintiff's claims under §§ 1983 and 1985 against the individual Defendants in their individual capacities survive.**

Plaintiff first asserts that all claims pursuant to §§ 1983 and 1985 against the individual Defendants in their *individual* capacities should be sustained. (Id. at 2.) Although Plaintiff makes a compelling argument in support of this objection, it appears that Plaintiff misconstrued the Magistrate Judge's recommendation. The Magistrate Judge, in fact, only recommends that such claims be dismissed against the individual Defendants in their *official* capacities. (M&R, at 12.) The Magistrate Judge makes no recommendation concerning the dismissal of Plaintiff's §§ 1983 and 1985 claims against the individual Defendants in their *individual* capacities. (*See* Id.) In addition, the Defendants never moved for the dismissal of such claims. (*See* Document No. 14, at 2.) Instead, the Defendants simply requested that the Court "[d]ismiss Plaintiff's claims brought pursuant to [§§ 1983 and 1985] with prejudice, insofar as they seek money damages from the individual Defendants in their official capacities . . . ." (Id.) For these reasons, Plaintiff's first objection does not necessitate the Court's review. Nevertheless, Plaintiff's §§ 1983 and 1985 claims against the individual Defendants in their individual capacities survive the Defendants' Motion to Dismiss in Part.

6

**b. The Magistrate Judge erred in concluding that Plaintiff's claims under §§ 1983 and 1985 for injunctive and declaratory relief against the individual Defendants in their official capacities should be dismissed.**

Plaintiff next objects to the following recommendation by the Magistrate Judge: "[A]ll claims under §§ 1983 and 1985 against . . . the [individual Defendants] in their official capacities should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted . . . ." (M&R, at 12.) Specifically, Plaintiff contends that the §§ 1983 and 1985 claims for injunctive and declaratory relief against the individual Defendants in their official capacities should be sustained. (Document No. 19, at 3.)

In his objection, Plaintiff initially asserts that the above claims should be sustained because the Defendants only sought dismissal of Plaintiff's §§ 1983 and 1985 claims for monetary damages against the individual Defendants in their official capacities and did not move to dismiss such claims for injunctive and declaratory relief. (Id.) Plaintiff argues that, because he is a *pro se* litigant, the claims for injunctive and declaratory relief should not be dismissed *sua sponte*. (Id.) A closer look at the Defendants' Motion to Dismiss in Part reveals that the Defendants, in fact, only sought to dismiss Plaintiff's §§ 1983 and 1985 claims for monetary damages against the individual Defendants in their official capacities. (Document No. 14, at 2.) The Defendants never requested that Plaintiff's claims for injunctive and declaratory relief be dismissed. (*See* Id.) Because *pro se* complaints should be liberally construed and held to less stringent standards than formal pleadings drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007), Boag v. MacDougall, 454 U.S. 364, 365 (1982), Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the Court is hesitant to dismiss Plaintiff's §§ 1983 and 1985 claims for injunctive and declaratory relief *sua sponte*.

Plaintiff also objects to the Magistrate Judge's conclusion that state officials acting in their official capacities are excluded from liability under §§ 1983 and 1985 because such officials do not qualify as "persons" under the statutes. (Document No. 19, at 3.) The Magistrate Judge relies on this finding as a basis for his conclusion that the §§ 1983 and 1985 actions for injunctive relief fail to state a claim for relief. (M&R, at 9.) Although the United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons,'" Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), "a state official in his or her official capacity, when sued for injunctive relief, would be a person . . . because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Id. at 71, n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167, n.14 (1985); Ex parte Young, 209 U.S. 123, 159-160 (1908)). Therefore, to the extent that Plaintiff seeks prospective relief in this action, the individual Defendants in their official capacities are not excluded from liability under §§ 1983 and 1985. Accordingly, in contrast to the Magistrate Judge's conclusion, Plaintiff's claim for prospective injunctive and declaratory relief against the individual Defendants in their official capacities survives. For these reasons, only Plaintiff's §§ 1983 and 1985 claims for *monetary* damages against the individual Defendants in their official capacities will be dismissed.

**c. Plaintiff's state claim under Section 99D-1 against the individual Defendants in their individual capacities must be dismissed.**

Plaintiff also objects to the Magistrate Judge's recommendation that Plaintiff's claim under Section 99D-1 of the North Carolina General Statutes be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted. (M&R, at 12.) Plaintiff specifically contends that the Section 99D-1 claims against the individual Defendants in their

8

individual capacities should be sustained. (Document No. 19, at 5.) Section 99D-1 provides the following relevant language:

> It is a violation of this Chapter if:
>
> (1) Two or more persons, motivated by race, religion, ethnicity, or gender, but whether or not acting under color of law, conspire to interfere with the exercise or enjoyment by any other person or persons of a right secured by the Constitutions of the United States or North Carolina, or of a right secured by a law of the United States or North Carolina that enforces, interprets, or impacts on a constitutional right; and
>
> (2) One or more persons engaged in such a conspiracy use force, repeated harassment, violence, physical harm to persons or property, or direct or indirect threats of physical harm to persons or property to commit an act in furtherance of the object of the conspiracy; and
>
> (3) The commission of an act described in subdivision (2) interferes, or is an attempt to interfere, with the exercise or enjoyment of a right, described in subdivision (1), of another person.

N.C. Gen. Stat. § 99D-1 (2009).

To state a claim under Section 99D-1 a plaintiff must, among other things, allege the existence of a conspiracy motivated by race, religion, ethnicity, or gender "designed to interfere with [the plaintiff's] constitutional rights." Jaffer v. Nat'l Caucus and Ctr. on Black Aged, Inc., 296 F. Supp. 2d 639, 644 (M.D.N.C. 2003) (citing N.C. Gen. Stat. § 99D-1(a)). A plaintiff must also sufficiently allege that the persons engaged in the conspiracy used force, repeated harassment, violence, physical harm, or direct or indirect threats of physical harm to "commit an act in furtherance of the object of the conspiracy." N.C. Gen. Stat. § 99D-1(b) (2009). "To prove a 'conspiracy of two or more persons,' the plaintiff must show an agreement between or a 'meeting of the minds' of the defendants to violate the plaintiff's constitutional rights." Bynum v. Hobbs Realty, No. 1:00-CV-01143, 2002 WL 31444660, at *6 (M.D.N.C. 2002) (citing Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995)). The Fourth Circuit has noted that, under

9

this standard, it has "specifically rejected [civil] claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Simmons, 47 F.3d at 1377.

To withstand a Rule 12(b)(6) motion to dismiss, the facts alleged by a plaintiff "must be enough to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff is a *pro se* litigant, and the Court will construe his pleadings liberally, Boag, 454 U.S. at 365; Gordon, 574 F.2d at 1151; however, pleadings that offer "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1954 (2009). "Naked assertions" without "further factual enhancement" are insufficient. Twombly, 550 U.S. at 557; Iqbal, 129 S. Ct. at 1951. It is not the legal conclusions asserted by Plaintiff, but rather "the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003). Although the court must accept as true all well-pleaded factual allegations in a Plaintiff's complaint, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002), the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

Here, Plaintiff alleges that several of the individual Defendants conspired to assign Plaintiff a failing grade because of his race, color, or national origin. (Complaint, ¶ 101.) Plaintiff provides the following language in support of his conspiracy claim:

> Defendants, acting in their individual capacities and under color of state law, have conspired by emails and by telephone to discriminate against Plaintiff. The Defendant officers each had actual knowledge of the conspiracies to deprive the

10

> Plaintiff of his rights . . . and each had the power and the opportunity to prevent
> the violations from occurring and/or continuing and failed to do so.
>
> . . . .
>
> According to Bill Hill and Joan F. Lorden, they agreed with Gerald L. Ingalls to
> assign Plaintiff a final failing grade of "U" and dismiss Plaintiff from MA
> program in Geography on the basis of Plaintiff's race, color, or national origin.
> According to Philip L. Dubois, he agreed with Joan F. Lorden. Therefore, there
> was an agreement among Gerald L. Ingalls, Bill Hill, Joan F. Lorden and Philip L.
> Dubois.

(Id., ¶¶ 97, 101.) Each of the above allegations is conclusory and fails to correspond with the facts of the Complaint. Apart from these allegations, Plaintiff does not identify any other actions evidencing a "meeting of the minds" sufficient to demonstrate a conspiracy between the individual Defendants to interfere with Plaintiff's constitutional rights. *See* Bynum, 2002 WL 31444660, at *6 (citing Simmons, 47 F.3d at 1377). Although the Complaint claims that each of the named Defendants agreed that Plaintiff deserved a failing "U" grade, the Complaint does not sufficiently allege that the individual Defendants conspired to interfere with Plaintiff's constitutional rights. Plaintiff simply concludes that the individual Defendants conspired against him without supporting the claim with "further factual enhancement." *See* Twombly, 550 U.S. at 557; Iqbal, 129 S. Ct. at 1951. The only factual allegation that potentially supports Plaintiff's claim of unlawful discrimination is the evidence tending to show that faculty members typically assigned similarly situated students an "Incomplete" or "In Progress" grade as opposed to "Unsatisfactory." Thus, Plaintiff implies that the "Unsatisfactory" mark in this case is somehow contrary to or inconsistent with a more lenient policy long-adhered to at the University. It would prove extremely difficult for Plaintiff to show discrimination based solely on this allegation. Even when construing the facts of Plaintiff's *pro se* Complaint liberally and in Plaintiff's favor, Plaintiff's conclusory conspiracy allegations fail to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Moreover, the Complaint fails to sufficiently allege that the individual Defendants used "force, repeated harassment, violence, physical harm to persons or property, or direct or indirect threats of physical harm to persons or property to commit an act in furtherance of the object of the conspiracy." § 99D-1(b). In the Complaint, Plaintiff makes the following claims concerning the individual Defendants' alleged harassment:

> Because Bill Hill used false reasons of the termination to justify the failing grade of "U", Bill Hill failed in justification of the failing grade of "U" but just harassed Plaintiff.
>
> . . . .
>
> Joan F. Lorden failed to explain why a final grade could be assigned when a temporary grade should be assigned. Joan F. Lorden could not justify the failing grade of "U" but just depreciated and humiliated Plaintiff. The response from Joan F. Lorden was nothing but harassment.
>
> . . . .
>
> Because of conspiracy, Bill Hill and Joan F. Lorden failed to perform their duties to review Plaintiff's appeal but harassed Plaintiff by depreciating and humiliating Plaintiff in their responses.

(Complaint, ¶¶ 63, 68, 102.) Each of the above allegations is conclusory. Although Plaintiff contends that the individual Defendants harassed Plaintiff in their responses, Plaintiff provides no factual support that demonstrates "repeated harassment" by the individual Defendants. *See* § 99D-1(b). Plaintiff's conclusion also mischaracterizes the Defendants' communications. Rather than repeatedly harassing Plaintiff, the named Defendants were simply responding to Plaintiff's requests for an explanation of his grade in connection with the administrative / academic appeal Plaintiff initiated. Plaintiff simply takes issue with the unfavorable decision. Again, even construing Plaintiff's *pro se* complaint liberally, such allegations are not supported by "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555.

Accordingly, because Plaintiff fails to sufficiently plead the "conspiracy" and "repeated harassment" elements of Section 99D-1, Plaintiff's claims pursuant to Section 99D-1 against the

individual Defendants in their individual capacities must be dismissed for failure to state a claim for which relief may be granted. *See* Bass, 324 F.3d at 766 (affirming 12(b)(6) dismissal of plaintiff's state law conspiracy claims because "[plaintiff] has done no more than assert that [the Defendants] conspired together; the facts that she has alleged do not give rise to a reasonable inference of conspiracy"); Jaffer, 296 F. Supp. 2d at 639 (affirming 12(b)(6) dismissal of plaintiff's Section 99D-1 claim because "[plaintiff] fails to mention any acts that would evidence a 'meeting of the minds' sufficient to demonstrate a conspiracy . . . ."); Townsend v. Bd. of Educ. of Robeson County, 454 S.E.2d 817, 819 (N.C. Ct. App. 1995) (affirming grant of summary judgment against plaintiff's S3ection 99D-1 claim because "plaintiff offers nothing beyond bare assertions that defendants engaged in some conspiracy").

**d. Recommendations without objections.**

Plaintiff only objects to the Magistrate Judge's recommendations as to the above claims. As to all other issues raised in the Defendants' Motion to Dismiss in Part, this Court reviewed the Magistrate Judge's Memorandum & Recommendation for clear error and adopts the Magistrate Judge's recommendations regarding such claims.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss in Part is hereby **GRANTED** as follows:

1. Each of Plaintiff's claims against UNCC are hereby **DISMISSED with prejudice**;
2. Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for *monetary* damages against the individual Defendants in their *official* capacities are hereby **DISMISSED with prejudice**;

3. Plaintiff's claims pursuant to Section 99D-1 of the North Carolina General Statutes against the individual Defendants in their *official* and *individual* capacities are hereby **DISMISSED with prejudice**; and

4. Plaintiff's claims under the North Carolina Constitution against the individual Defendants in their *individual* capacities are hereby **DISMISSED with prejudice.**

In conclusion, the only remaining causes of action are:

1. Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for monetary damages against the individual Defendants in their individual capacities;

2. Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for prospective injunctive and declaratory relief against the individual Defendants in their individual and official capacities; and

3. Plaintiff's claims under the North Carolina Constitution against the individual Defendants in their official capacities.

This the 6th day of December, 2010.

RICHARD L. VOORHEES