IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv403

| | |
|---|---|
| BIN XU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| THE UNIVERSITY OF NORTH CAROLINA ) | |
| at CHARLOTTE; PHILLIP L. DUBOIS, ) | |
| Chancellor of University of North Carolina at ) | |
| Charlotte, in his individual and official ) | |
| capacity; JOAN F. LORDEN, in her individual ) | |
| and official capacity; KENT E. CURRAN, in ) | |
| his individual and official capacity; NANCY A. ) | |
| GUTIERREZ, in her individual and official ) | |
| capacity; BILL HILL, in his individual and ) | |
| official capacity; and GERALD L. INGALLS, ) | |
| in his individual and official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Dismiss (#20) his supplemental state constitutional tort claim. In his motion, plaintiff claims that this court lacks subject matter jurisdiction over *his* state constitutional claim and that the claim should be dismissed without prejudice so that he can "file the State Constitutional Claim with a state court which has proper jurisdiction." Motion, at ¶ 3. The state defendants have not responded to the motion despite its pendency for more than a year.

Plaintiff's Motion to Dismiss such claim came only after Honorable David C.

Keesler entered his Memorandum and Recommendation (#18) on defendants' Motion to Dismiss in Part (#14). While Honorable Richard L. Voorhees, United States District Judge, mentioned plaintiff's motion in his affirmance and adoption of Judge Keesler's M&R, it was not disposed of in such Order. See Order (#22). With the affirmance and adoption of the M&R, this court has already determined, as follows:

> Plaintiff's claim under the North Carolina Constitution against the individual Defendants in their individual capacities [is] dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted.

M&R, at 12. Thus, the viability of plaintiff's state constitutional claim has already been reviewed by this court and such claim has been dismissed in part with prejudice, making the relief sought by plaintiff non-justiciable.

Finally, as to the remaining aspects of the state constitutional claim, plaintiff's thesis that this court lacks subject matter jurisdiction over this claim is simply wrong. First, the court has already exercised its subject matter jurisdiction over such claim by dismissing it in part under Rule 12(b)(6). Second, review of the Complaint reveals that plaintiff's state constitutional claim arises from the same operative facts that support his federal claims over which this court exercises original jurisdiction. As such, this court has supplemental jurisdiction over plaintiff's state constitutional claim:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that

involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Plaintiff's motion will, therefore, be denied as it must be resolved in this action.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Dismiss (#20) is **DENIED.**

Signed: March 23, 2011

Max O. Cogburn Jr.
United States District Judge