IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:08-CV-403-MOC-DCK

| | |
|---|---|
| BIN XU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHILLIP L. DUBOIS, Chancellor of University )<br>of North Carolina at Charlotte, in his individual )<br>and official capacity; JOAN F. LORDEN, in )<br>her individual and official capacity; KENT E. )<br>CURRAN, in his individual and official )<br>capacity; NANCY A. GUTIERREZ, in her )<br>individual and official capacity; BILL HILL, )<br>in his individual and official capacity; and )<br>GERALD L. INGALLS, in his individual )<br>and official capacity, )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion To Quash Defendants' Notice of Deposition" (Document No. 27) filed April 7, 2011; "Defendants' Response To Plaintiff's Motion To Quash Notice Of Deposition" (Document No. 28) filed April 8, 2011; and "Plaintiff's Reply To Defendants' Response To Plaintiffs' Motion To Quash..." (Document No. 29) filed April 11, 2011. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for disposition. Having fully considered the motion and the record, the undersigned will <u>deny</u> the motion.

*Pro se* Plaintiff Bin Xu ("Plaintiff") seeks to quash a notice of deposition requiring his attendance on April 13, 2011 on the campus of the University of North Carolina at Charlotte ("UNCC"). (Document No. 27). The motion makes the point that Plaintiff has been prohibited from returning to the UNCC campus and may be arrested if he returns. <u>Id.</u> Plaintiff's motion also

requests that his deposition be taken "By Remote Means" pursuant to Fed.R.Civ.P. 30(b)(4). Id. Plaintiff contends that a deposition conducted by telephone would "prevent undue burden;" however, Plaintiff has failed to explain what, if any, burden he bears by attending his deposition in person. Id.

Defendants oppose Plaintiff's motion and have secured a letter from the UNCC Interim Chief of Police specifically granting Plaintiff permission "to temporarily enter the UNC Charlotte property on April 13, 2011 for the exclusive purpose of deposition." (Document Nos. 28, 28-1, p.14). In reply, Plaintiff argues that the order allowing his entry could be "modified or lifted," and therefore, his freedom is threatened and the deposition should be quashed. (Document No. 29).

After careful consideration, the undersigned does not find good cause to quash the deposition as noticed, or any valid reason it should be conducted by remote means. The undersigned further concludes that the letter provided by Defendants, along with this Order, should provide Plaintiff adequate security that he will not be arrested on April 13, 2011 for entering the UNCC campus for the purpose of his deposition.

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion To Quash Defendants' Notice of Deposition" (Document No. 27) is **DENIED**.

Signed: April 11, 2011

David C. Keesler
United States Magistrate Judge